UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Case No. 17-cv-20212
Hon. Gershwin A. Drain

D-1  CHRISTOPHER DAVIS,

        Defendant.

_____/

## OPINION AND ORDER SUSTAINING DEFENDANT'S OBJECTION TO CAREER OFFENDER ENHANCEMENT [#97]

### I. INTRODUCTION

Presently before the Court is the Defendant's Objection to the Presentence Investigation Report's Career Offender Enhancement, described in paragraphs 34 and 42 of the report. In his Objection, Defendant argues that his prior conviction for resisting and obstructing a police officer causing injury under MICH. COMP. LAWS § 750.81d(2) is not a crime of violence, thus he does not have at least two predicate offenses to support a career offender enhancement under U.S.S.G. § 4B1.1(a).

The Government has filed a Response to the Defendant's Objection (ECF No. 98) and the Defendant has filed Supplemental briefs (ECF Nos. 99, 101 and 102). The Court heard argument on this issue on February 28, 2020.

For the reasons that follow, the Court concludes resisting and obstructing a police officer causing injury under MICH. COMP. LAWS § 750.81d(2) is not a crime of violence. Accordingly, the Court sustains Defendant's objection to the career offender enhancement and declines to impose the career offender enhancement at sentencing.

## II. FACTUAL BACKGROUND

On June 21, 2017, the grand jury returned a Superseding Indictment against Defendant Christopher Davis charging him with possession of approximately 20 grams of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). On February 8, 2018, with the assistance of prior counsel, Defendant and the Government entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).

The parties agreed to a guideline range of 188 to 235 months imprisonment based on the conclusion that Defendant is a career offender pursuant to U.S.S.G. § 4B1.1(a). This conclusion was based on the erroneous belief that Defendant had two prior state felony drug convictions. ECF No. 54, PageID.147; 156. Defendant does not have two prior predicate drug convictions, rather Defendant has one state felony drug conviction for possession with intent to distribute 14 grams of marijuana (or one-half ounce), and a second state felony conviction for resisting and obstructing a police officer causing injury in violation of MICH. COMP. LAWS §

750.81d(2).  The parties further agreed that 228 months was the appropriate custodial sentence.  *Id*.  At the plea hearing, the Court accepted the Defendant's plea of guilty and referred the matter to the probation department for a presentence investigation report.

The presentence investigation report determined that Defendant's sentencing guideline range is different than the guidelines range of 188 to 235 months imprisonment originally calculated by the parties in the Rule 11 plea agreement because Defendant's prior controlled substance offense no longer meets the definition of "serious drug felony" under the First Step Act of 2018.  Thus, Defendant's maximum term of imprisonment is only 20 years, and not 30 years as originally enhanced, because his base offense level is 2 levels lower for a 29 base offense level.[1]

Because the probation department has concluded the Career Offender Enhancement applies, it has found that Defendant has a criminal history category of VI.  *See* U.S.S.G. § 4B1.1(b).  The report bases Defendant's career offender enhancement on his 2013 conviction for resisting and obstructing a police officer

---

[1] This was the subject of the Defendant's Motion to Withdraw Guilty Plea, which the Court denied in September of 2019.  Prior counsel's failure to adequately assert Defendant's rights under the First Step Act, as well as counsel's failure to properly advise Defendant concerning the career offender enhancement resulted in defendant's agreement to a sentence six times lengthier than the accurate guidelines sentencing range.  Defendant's current counsel argues prior counsel committed ineffective assistance of counsel in connection with Defendant's plea negotiations in violation of the Sixth Amendment.

causing injury and his 2016 conviction for distributing one-half ounce of marijuana.

### III. LAW & ANALYSIS

Defendant argues that because his conviction for violating MICH. COMP. LAWS § 750.81d(2) is not a crime of violence, §4B1.1's Career Offender Enhancement does not apply. Defendant asserts that without the Career Offender Enhancement, his Base Offense Level would be 12 levels lower (29-12 = 17) and his Criminal History Category would be 3 levels lower (6-3 = 3) providing for a guidelines range of 30-37 months imprisonment, as opposed to the 151 months recommended by the probation department, or the 228 agreed upon by the parties. The Government maintains that Defendant's conviction for resisting and obstructing a police officer causing injury is a crime of violence and the Court should impose the career offender enhancement.

Under the Sentencing Guidelines, a defendant is a career offender and subject to a higher guidelines range if:

> (1) The defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Section 4B1.2(a) defines "crime of violence" as follows:

4

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>> (1) has an element the use, attempted use, or threatened use of physical force against the person of another or
>> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

U.S.S.G. § 4B1.2(a). Because the enumerated offenses clause, or the second clause, is inapplicable here, the first clause, or the elements clause is at issue. The question before the Court is whether "the use, attempted use, or threatened use of physical force against the person of another" is an element of resisting and obstructing an officer causing injury under Michigan law.

Under Michigan law, an individual is guilty of resisting and obstructing an officer causing injury when he "assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties causing a bodily injury requiring medical attention or medical care [.]" MICH. COMP. LAWS § 750.81d(2). In *United States v. Brown*, 195 F. Supp.3d 926 (2016), this Court determined that the offense of resisting and obstructing a police officer causing injury is not a crime of violence. *Id.* at 932. This Court applied the modified categorical approach in *Brown*, and the Government argues that the Court must again apply the modified categorical approach and review the *Shepard* documents to determine whether Defendant's

5

prior conviction for resisting and obstructing an officer causing injury is a crime of violence for purpose of the career offender enhancement.

The Government directs the Court to review the plea transcript from Defendant's guilty plea to resisting and obstructing a police officer causing injury. *See* ECF No. 98, PageID.344-50. The Government argues that because Defendant admitted to causing a scuffle, his plea transcript supports the conclusion that the offense included the use of physical force as an element required for his conviction.

However, as Defendant correctly points out, in *Brown*, this Court reached its decision without considering *Mathis v. United States*, --U.S.--, 136 S. Ct. 2243, 195 L. Ed.2d 604 (2016).[2] In *Mathis*, the Supreme Court found that the Eighth Circuit erred in applying the modified categorical approach to an Iowa burglary statute that "enumerates various factual means of committing a single element." *Id*. at 2249, 2253-54. In *Mathis*, the Eighth Circuit reasoned that, when a statute has "alternative means to fulfilling an element," a court should use the modified categorical approach and inspect the *Shepard* documents "to see which of those crimes the defendant had been convicted of." *Id*. The Supreme Court rejected this reasoning, concluding the statute's broad list of places where burglary could be

---

[2] *Mathis* (June 23, 2016) was issued roughly two weeks prior to *Brown* (July 6, 2016).

committed such as buildings, land, or air vehicle "are not alternative elements[,]" but rather "alternative method[s] of committing [a] single crime." *Id*. at 2250.

The *Mathis* court further held that "[h]ow a given defendant actually perpetrated the crime—what we have referred to as the 'underlying brute facts or means' of commission, makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence." *Id*. (internal citation omitted). The *Mathis* court reiterated that "[t]hose longstanding principles, and the reasoning that underlies them, apply regardless of whether a statute omits or instead specifies alternative possible means of commission." *Id.* As such, "[t]he itemized construction gives a sentencing court no special warrant to explore the facts of an offense, rather than to determine the crime's elements. . . ." *Id.* Thus, after *Mathis*, a court faced with a state statute which has "alternative methods of committing a single crime" must employ the categorical approach without resort to the *Shepard* documents to determine whether the crime is a crime of violence under the Guidelines.

In *United States v. Camp*, 903 F.3d 594, 599-600 (6th Cir. 2018), cert. denied, 139 S. Ct. 845, 202 L.Ed.2d 613 (2019), the Sixth Circuit was tasked with determining whether a Hobbs Act robbery conviction qualified as a crime of violence under the Guidelines. *Id.* at 599. In resolving this question, the *Camp* court held that "[u]nder our caselaw and the guidance provided by the Guidelines

7

Manual itself, we are to apply the categorical approach as set out and repeatedly affirmed by the Supreme Court." *Id*. (citing *Mathis v. United States*, 136 S. Ct. at 2248-53; *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015); *Descamps v. United States*, 570 U.S. 254, 257-58 (2013); *Taylor v. United States*, 495 U.S. 575, 600-02 (1990)).

The *Camp* court explained that the categorical approach requires "that we look at the statutory definition of the crime of conviction, not the facts underlying that conviction, to determine the nature of the crime." *Id*. (internal quotation marks and citations omitted). "Under the categorical approach, courts must assume that the defendant's conviction rested upon nothing more than the least of the acts criminalized and then determine whether even those acts would qualify as a crime of violence under the guidelines." *Id*. (internal quotation marks omitted). In other words, "the offense of conviction, rather than the particular facts of the case, is the focus of the inquiry" under the categorical approach. *Id*.

Accordingly, *Mathis* and *Camp* require that this Court utilize the categorical approach, as opposed to the modified categorical approach, to determine whether resisting and obstructing an officer causing injury is a crime of violence under § 4B1.2(a)(1). Since resisting and obstructing an officer causing injury may be committed by various methods including, assault, battery, wounding, resisting, obstructing, opposing or endangering and several of these means do not require

physical force by a defendant, this offense is categorically not a crime of violence under the elements clause of §4B1.2(a)(1).

The Government seeks to minimize the significance of the Sixth Circuit's decision in *United States v. Mosley*, where the court determined a conviction under MICH. COMP. LAWS § 750.81d(1) did not "contain a use-of-physical-force element." 575 F.3d 603, 605 (6th Cir. 2009). Utilizing the categorical approach, the *Mosley* court opined that "[a]n individual may violate the statue by committing any one of several prohibited actions, and at least one of the prohibited actions does not involve the use—attempted, threatened, or real—of physical force." *Id*. "Under Michigan law, an individual 'obstructs' an officer if he 'knowing[ly] fails to comply with a lawful command, which he may do without attempting to or threatening to use force." *Id*. (citing *People v. Chapo*, 283 Mich. App. 360, 770 N.W.2d 68 (Mich. Ct. App. 2009); *People v. Tice*, No. 256736, 2006 Mich. App. LEXIS 235, 2006 WL 198530, at *4 (Mich. Ct. App. Jan. 26, 2006)) (internal quotation marks omitted).

The Government argues that *Mosley* is distinguishable because it involved subsection (1), and not subsection (2), which requires an additional harm element, specifically, "causing a bodily injury requiring medical attention." The Government asserts that the addition of the harm element means the offense must be a crime of violence. Yet, an individual could still commit the offense by failing

to obey a command to stop and running away. If the officer pursues the disobedient individual and gets injured during his pursuit by accidentally tripping over uneven pavement, the individual would be guilty of violating MICH. COMP. LAWS § 750.81d(2) without the use of physical force.

The strongest case relied upon by the Government is the Sixth Circuit's decision in *United States v. Alexander*, 543 F.3d 819 (6th Cir. 2008). On plain error review, the *Alexander* court determined that resisting and obstructing an officer causing injury under MICH. COMP. LAWS § 750.81d(2) is a crime of violence under the Guidelines. *Id*. at 823-24. However, *Alexander* was decided prior to *Mathis* and *Camp*, which require that this Court employ the categorical approach without considering the so-called *Shepard* documents. *See Mathis*, 136 S. Ct. at 2249 (concluding that the modified categorical approach and review of a limited class of documents is approved only "for use with statutes having multiple alternative elements[,]" and not for statutes that "merely specif[y] diverse means of satisfying a single element of a single crime[.]"); *Camp*, 903 F.3d at 599 (using the categorical approach to conclude Hobbs Act robbery is not a crime of violence under the Guidelines and recognizing the categorical approach focuses on "the offense of conviction, rather than the particular facts of the case.")

Moreover, *Alexander* was decided prior to *Mosley*, which held MICH. COMP. LAWS § 750.81d(1) is categorically not a crime of violence. *Mosley*, 575 F.3d at

607. The *Mosley* court relied on the fact that at least one of the means by which the crime could be committed did not involve the use of force, rather it involved obstructive conduct that could include a failure to comply with a lawful command. *Id*. Because the same rationale applies to a conviction under subsection (2) of MICH. COMP. LAWS § 750.81d, *Alexander* no longer appears to be good law.

The Government also relies on the Sixth Circuit's decision in *United States v. Verweibe,* which defined physical force as any "volitional act set[ting] into motion a series of events that results in application of a force capable of causing physical pain or injury to another person." 874 F.3d 258, 261 (6th Cir. 2017). However, *Verweibe* appears to be misplaced because the defendant in *Verweibe* was a career offender under § 4B1.1 based upon his prior federal convictions for (1) assault with a dangerous weapon with intent to do bodily harm in contravention of 18 U.S.C. § 113(a)(3), and (2) assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). The *Verweibe* court did not analyze whether resisting and obstructing a police officer causing injury under Michigan law is a crime of violence, and thus *Verweibe* is unhelpful to the Court's analysis.

Consistent with *Mathis*, *Camp* and *Mosley*, this Court finds that Defendant's conviction for resisting and obstructing an officer causing injury is categorically not a crime of violence under § 4B1.2(a)(1) because there are alternate means for committing the single offense which do not involve the use of physical force.

11

Contrary to the Government's argument, reliance on the *Shepard* documents is inappropriate. In any event, a review of the *Shepard* documents reveals the shortcomings with respect to relying on plea colloquies. Defendant agreed with the trial judge's characterization that he had engaged in a "scuffle," however, scuffle is not an element of resisting and obstructing an officer causing injury. Moreover, "scuffle" has numerous definitions. Thus, review of the *Shepard* documents under the circumstances here does not shed further light on whether physical force is an *element* of resisting and obstructing an officer causing injury.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, the Court concludes that Defendant's prior conviction for obstructing and resisting an officer causing injury is not a crime of violence under the elements clause of § 4B1.2(a)(1).

The Court therefore SUSTAINS the Defendant's objection and DECLINES to impose the career offender enhancement at sentencing because Defendant does not have two prior felony "controlled substance" or "crime of violence" convictions.

SO ORDERED.

Dated: April 29, 2020

/s/ Gershwin A. Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys on
April 29, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager